Ainsworth C. JACKSON, et al., Plaintiffs,

v.

Patricia TAYLOR, et al., Defendants.

Civ. A. No. 82–0905.

United States District Court, District of Columbia.

May 24, 1982.

---

Ainsworth C. Jackson et al., pro se.

Robert J. Harlan, Jr., Asst. Corp. Counsel, District of Columbia, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This is an action by two prisoners at the Lorton Reformatory against officials governing the prison system of the District of Columbia. Plaintiffs allege that the defendant prison officials have violated the Sherman Antitrust Act by conspiring to fix the price of local telephone calls from the prison at the rate of 25 cents for five minutes or less "with the intention of monopolizing and boycotting the free access of plaintiffs' rights to regularly fixed telephone prices set by the State of Virginia" (wherein the prisons are located) at 20 cents per local call. Plaintiffs seek "$100,000 in treble damages" as well as injunctive and declaratory relief. Defendants have moved to dismiss the cause on the ground that the Sherman Act "does not as alleged apply to the purely governmental action of defendants of regulating the cost to prisoners of telephone calls within the prison system." Plaintiffs have opposed the motion and the matter is ready for resolution.

Section 1 of the Sherman Act, 15 U.S.C. § 1, provides in relevant part that:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is hereby declared to be illegal.

Section 2 of the Act, 15 U.S.C. § 2, provides in relevant part that:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of the trade or commerce of the several states, or with foreign nations, shall be deemed guilty of a felony . . . .

A person injured in his business or property by reason of any activity forbidden by the antitrust laws may have a cause of action for three times the damages sustained by him, and may also recover costs of suit and attorney's fees. 15 U.S.C. § 15.

Plaintiffs do not allege that defendants are persons or entities who otherwise would be competitors in the market for the provision of telephone services; *i.e.*, plaintiffs allege no covenant not to compete on defendants' part. Nor do plaintiffs allege a vertical combination, that is, an agreement between defendants and the C&P Telephone Company, the entity which plaintiffs acknowledge provides defendants with the telephone service which defendants in turn provide plaintiffs and other inmates. As such, plaintiffs appear to allege a violation of Section 2 of the Sherman Act: that defendants have monopolized the trade or commerce in the provision of telephone service to the inmates under their care. The Court, for purposes of this motion assumes, but does not decide, that this provision of telephone service is an activity in interstate commerce.

■ To the extent that the allegations state a cause of action against the defendants, the cause is against defendants only in their official capacities. Defendants note that the government is vested with the power to manage and regulate the operation of its prisons under D.C.Code § 24–442, and assert that the establishment of a 25-cent charge for local telephone calls constitutes regulatory activity pursuant to that statute and, therefore, state action. Plaintiffs nowhere in their pleadings suggest that defendants are acting but on behalf of the government nor challenge defendants' assertion that the activity complained of is state action. Neither do plaintiffs suggest any facts tending to show that any defendant has acted to fix prices for personal gain under color of state law. *Cf.* 42 U.S.C. § 1983. As such, it is evident that this is an action against defendants only in their official capacities. As the complaint fails to state a claim against the defendants in their individual capacities it may be dismissed as to them as individuals. Fed.R. Civ.P. 12(b)(6).

Defendants, in their skeletal memorandum in support of their motion to dismiss, argue that *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) controls this case and compels the conclusion that the case must be dismissed because "state action cannot be restrained by the Sherman Anti-Trust Act." Subsequent cases, not cited by defendants, have held that governmental agencies are not immune from antitrust laws simply because they are governmental agencies. *E.g., City of Lafayette v. Louisiana Power Co.*, 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978). The rule has been refined to mean that governmental action may be exempt from antitrust laws when there is a strong showing that the action is essential to regulating the subject matter concerned (here, prisons and prisoners), or that the regulation of the subject matter concerned is essential to a primary governmental function or within a state's traditional regulation of an area. *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977).

This line of cases concerning governmental immunity from the antitrust laws was considered in *Jordan v. Mills*, 473 F.Supp. 13 (E.D.Mich.1979), which, like the instant case, was a lawsuit by a state prisoner who sought to maintain a class action against the prison officials under the antitrust laws, charging them with price fixing and monopolistic activity. There it was alleged that prison officials had engaged in such activity in the operation of the prison's inmate store. The *Jordan* court, considering *Bates*, decided that the factors enumerated in *Bates* are not the only ones relevant to determining whether the governmental antitrust exemption should apply. In a thoughtful and reasoned analysis, the *Jordan* court noted that the Supreme Court has stated that "discipline and administration of state detention facilities are state functions," *quoting Johnson v. Avery*, 393 U.S. 483, 486, 89 S.Ct. 747, 749, 21 L.Ed.2d 718 (1969) and concluded that since "regulation of prisoners and prisons is a 'primary governmental function' within the meaning of the phrase as it appears in *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975) ] and *Bates*" the actions complained of were exempt from antitrust prosecution. 473 F.Supp. at 17. The *Jordan* court found that although maintaining an inmate store might not be mandated by concerns for health and safety or be essential to prison or prisoner regulation, certain latitude is needed by prison authorities in this regard if it is to exercise its traditional state function properly and effectively. *Id.* It surmised that a less potentially anti-competitive approach to operating the prison store requiring it to deal with other suppliers could result in an increased flow of contraband and risk the safety of inmates. *Id.*

In their memorandum, defendants do not direct the Court's attention to the specific regulation setting the price of phone calls at the prison facilities; nor do they present any reasons why the establishment of the 25 cent charge is important to the administration of the prison system. However, the 25 cent charge certainly is not unreasonable and could well be a proper means of defraying the cost of administrating the prison telephone system or regulating the use thereof.

Finally, it should be noted that even were defendants' actions complained of not exempt from the antitrust laws and plaintiffs could maintain their suit, their allegations of injury do not appear sufficient to warrant relief and in any case do not support the amount of money damages prayed for. As noted above, 15 U.S.C. § 15 provides that persons suffering injury to business or property by any activity forbidden by the antitrust laws may recover three times the actual damages in addition to attorney's fees and court costs. Plaintiffs have not requested attorney's fees or costs, but seek "$100,000 in treble damages." From this it perhaps could be inferred that each plaintiff has suffered actual damages[1] of $33,-

---

1. Plaintiffs have demanded the $100,000 sum from *each* defendant. This suggests that their claim is one for *punitive*, rather than actual, compensatory damages. However, as noted in the text below, antitrust damages are compensatory in nature, not punitive. *Albrecht v. The*

333.33 as a consequence of having to pay 25 cents instead of 20 cents for each local phone call. For this to be the case, each plaintiff would have had to have made well over six thousand local telephone calls at 25 cents per call. While appreciating the loquaciousness of man and woman, it is doubtful that plaintiffs have been in fact so occupied with talk. Indeed, to make that number of telephone calls at 25 cents apiece would have cost plaintiffs over $166,000. In view of the fact that plaintiffs were granted leave to proceed *in forma pauperis* by the United States District Court for the Eastern District of Virginia (where the action was originally filed), following consideration of plaintiffs' sworn affidavits of poverty, it is unlikely that plaintiffs ever made so many telephone calls as to support a claim for $100,000 in money damages.

■ Damages under the antitrust laws are compensatory in nature rather than punitive. *Albrecht v. The Herald Co.*, 452 F.2d 124, 127–28 (8th Cir. 1971); *Winkler-Koch Engineering Co. v. Universal Oil Products Co.*, 100 F.Supp. 15, 29 (S.D.N.Y. 1951). While leniency should be permitted in showing damages in private antitrust actions, a damage assessment based wholly on speculation and guesswork is improper. *Kestenbaum v. Falstaff Brewing Corp.*, 514 F.2d 690, 695 (5th Cir. 1975), *cert. denied* 424 U.S. 943, 96 S.Ct. 1412, 47 L.Ed.2d 349 (1976). Viewing plaintiffs' pro se complaint with an abundance of leniency, the Court can in no way find plaintiffs' allegations sufficient to support their claim. Any monetary detriment to plaintiffs would be nominal at best. But whatever detriment there may have been to plaintiffs, plaintiffs give no specific indication as to what that damage might or could be. In any case, the question of what damage plaintiffs may or could have suffered need not be addressed in light of the fact that defendants' actions as alleged in the complaint are exempt from the antitrust laws.

ORDERED, that this action be and the same hereby is dismissed with prejudice.